# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUCAS HUDDLESTON, on behalf of plaintiff and the class members defined herein, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:16-cv-09100 |
| AMERICAN AIRLINES, INC., | ) | Honorable Andrea R. Wood |
| Defendant. | ) | |

**ESI PROCESSING AND PRODUCTION PROTOCOL**

The parties, by and through their respective counsel, hereby agree to the following ESI and Production Protocol.

## A. Most Likely Custodians and Databases

Plaintiff Lucas Huddleston anticipates that relevant documents and information in his possession will include documents concerning his damages, and relevant communications with American Airlines, Inc. ("AA").

Defendant AA has the following structured data sources that are likely to contain information relevant to this litigation: (1) passenger name records ("PNR"); (2) customer service records; (3) AAdvantage account data; (4) record locator history; and (5) flight history data. AA also has records identifying relevant policies and procedures, recommendations to customers regarding airport arrival times for international departures at airports domestic and abroad, AA on-time flight departure goals, documents sufficient to identify various boarding times for international departures, and various International General Tariff (s) and treaties in force during Plaintiff's proposed class period.

AA believes that identifying responsive documents from the structured data sources (to the extent possible) will require the use of search terms, and proposes to meet and confer with Plaintiff's counsel in order to (1) identify the searchable fields in the databases and (2) run agreed-upon term searches.

**B. <u>Document Preservation</u>**

Plaintiff has undertaken to preserve the relevant documents and information in his possession, custody or control.

AA put a document retention hold in place for these proceedings when the above-captioned lawsuit was filed. Relevant documents and information, as defined and required by the Federal Rules of Civil Procedure, have been preserved.

**C. <u>Timing of E-Discovery</u>**

The parties have set agreed-upon times for production and other discovery parameters in the Joint Rule 26(f) Report (ECF No. 25). In accordance with Fed. R. Civ. P. 26(b)(2) and 34, after receiving requests for document production, the parties shall search their documents, and produce relevant, responsive electronically-stored information subject to the limitations of the Federal Rules of Civil Procedure and in accordance with the terms set forth herein.

**D. <u>Redactions</u>**

To the extent a document is produced in redacted form, any redactions shall be clearly indicated on the face of the document, each redacted portion of the document from which information is redacted shall bear a designation that it has been redacted, and a metadata field accompanying the document production shall indicate that the document contains redactions. Where a responsive document contains both redacted and non-redacted content, the producing party shall produce the remainder of the non-redacted portions of the document. The production of a document in a redacted form does not affect the producing party's obligation to properly

document and substantiate the assertion of privilege over the content on a privilege log. Redacted documents shall be produced in TIFF image format except for Excel and Access documents, which shall be produced in redacted native form.

**E. Document Numbering for TIFF Images**

Each page of a document produced in TIFF file format shall have a legible, unique numeric identifier ("Bates number") not less than seven (7) digits (with zero-padding) electronically "burned" onto the image at a place on the document that does not obscure, conceal or interfere with any information originally appearing on the document. The Bates number for each document shall be created so as to identify the producing party or non-party and the Bates number (*e.g.*, "ABC-0000000").

**F. Document Type and Preferred Production Format**

In addition to the parameters set forth below, all productions should include a Concordance load file (.DAT and .OPT). The producing party shall provide a data load file ("Data Load File") that shall contain the reasonably-available metadata associated with each field as specified in Schedule A, attached hereto, to the extent applicable and not cost prohibitive or burdensome. The producing party also shall produce document level .txt files for all documents containing extracted full text wherever possible, or OCR text if extracted full text is unavailable or there are redactions in the document. Production shall be in black-and-white, except where otherwise specified, or where color is necessary to understand the document (*e.g.*, charts). The receiving party may make good faith requests for color production of specific documents as reasonably necessary.

If a TIFF file is permitted by this Order to be, and is, produced instead of a native file, all hidden text (*e.g.*, track changes, hidden columns, comments, notes, markups, etc.) will be expanded, extracted, and rendered in the TIFF file. This specifically includes, but is not limited

to, the inclusion of any notes or comments contained within any PowerPoint slides/presentations that are produced in TIFF format. To the extent such hidden text is subject to a claim of attorney-client privilege or attorney work product it may be redacted and logged.

**1. Hard Copy Documents**

Hard copy documents shall be scanned to single page, uniquely numbered TIFF image files not less than 300dpi resolution with OCR .txt files and Bates numbers with appropriate zero padding. Image files should be produced in such a way that it is clear where each document produced begins and ends (*i.e.*, unitized) to the extent feasible and to the extent the document was not stored otherwise in the ordinary course of business, and also will be produced together with an ".OPT load file."

**2. E-Mail**

To the extent applicable, should either party wish to produce an e-mail, it shall be produced, together with all attachments, as follows:

a. The parties will convert native e-mails to single page TIFFs.

b. Each TIFF is to show the Bates number and confidentiality designation for each such email page. E-mail families will be given a PARENTID field in the accompanying .DAT Data Load File as set forth in Schedule A, attached.

c. E-mail attachment icons or filenames should be visible in the imaged body of the e-mail, to the extent existing in the original data if reasonably feasible and where the icons or filenames are not redacted.

**3. User Files**

User files, other than Microsoft Excel or like kind files, shall be defined to include all word processing, text editing, presentation program file formats (including but not limited to files created with Microsoft Word, Word Perfect, and Notepad, including comparable

applications utilized by non-Microsoft operating systems such as Macintosh). Such files, after having been de-duplicated as necessary, will be produced as single page TIFFs with extracted text (with documents containing redactions processed as necessary to protect the redacted information from disclosure), with reasonably-available metadata as set forth in Schedule A to the extent feasible and not cost-prohibitive, and Bates numbers.

**4. Microsoft Excel, Access, and PowerPoint Files**

Microsoft Excel, Access, and PowerPoint files shall be produced natively, in accordance with the specifications below, except where redactions are required, in which case, ¶ D above also shall apply.

**5. All Other File Formats**

Production of file-types reasonably believed to contain relevant information not included in the list above should be identified and brought to the attention of the receiving party to discuss a mutually agreeable format for production and labeling.

**6. Natively Produced Documents**

For any documents produced in native format, the production file name should contain the Bates number of the document, and appropriate confidentiality designation, if any. The metadata field for file name should contain the original file name as specified in the file's properties, if reasonably available. A placeholder TIFF should be included in the load file indicating that the file was produced natively. A folder of native files should be included in the load file and a NATIVEPATH field containing the path to the native file so that a link can be made in Concordance. Native files that do not contain redactions will be produced with extracted text and reasonably-available, applicable metadata fields to the extent applicable and not cost prohibitive or burdensome. For documents that contain redactions, the parties may apply the redactions directly on the native file itself.

**7. Structured Data**

Generally, databases should be produced in a mutually-agreeable data exchange format. The parties agree to meet and confer regarding the data to be produced from each source, if any, and the form(s) of the production thereof. For each database produced, and to the extent such documents already exist and are locatable upon a reasonable search, the producing party shall also produce: (a) documents sufficient to show the reporting capabilities of each database in the party's possession, custody or control; and (b) documents sufficient to describe any data dictionaries, instruction manuals, or similar documents that describe any keys that link databases, the flow of data, or data elements or fields that exist on each database in the party's possession, custody or control.

**8. Foreign Language Documents**

All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and the English-language version.

**G. <u>Privilege Log</u>**

The Parties agree that for all documents that are withheld (or redacted) on privilege or work product grounds, the following information will be provided in an easily readable chart:

1. Privilege log reference number;
2. Bates range of document (if applicable);
3. Author(s) (designating which, if any, are attorneys);
4. Recipient(s), including copyee(s) (designating which, if any, are attorneys);

5. Description of the documents (or redacted portion of the document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; and

6. Privilege claimed.

**SCHEDULE A LOAD FILE FIELDS:**

| **Field Name**: |
|---|
| BCC: |
| BegAttch: |
| BegDoc: |
| CC: |
| Conf Desig: |
| Custodian: |
| Date Created: |
| Time Created |
| Date Last Modified: |
| Time Last Modified |
| Date Sent: |
| Time Sent |
| Date Received: |
| Time Received |
| E-mail Subject: |
| EndAttch: |
| EndDoc: |
| File Extension: |
| Source File Name: |
| File Size: |
| From: |
| MD5 Hash: |
| NATIVEPATH: |
| Source File Path |
| E-mail Folder Path |
| Duplicate Custodian |
| PARENTID: |
| PG Count: |
| To: |
| Prod Volume: |
| Redaction: |

*/s/ Michael J. Boni*
Michael J. Boni
Joshua D. Snyder
John E. Sindoni
**BONI & ZACK LLC**
15 St. Asaphs Road
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 822-0200
mboni@bonizack.com
jsnyder@bonizack.com
jsindoni@bonizack.com

Benjamin Gordon Edelman
**LAW OFFICES OF BENJAMIN EDELMAN**
169 Walnut Street
Brookline, Massachusetts 02445
Telephone: (617) 359-3360
ben@benedelman.org

Oren S. Giskan
**GISKAN SOLOTAROFF & ANDERSON LLP**
217 Centre Street, 6th Floor
New York, NY 10013
Telephone: (212) 847-8315
ogiskan@gslawny.com

James L. Thompson
**LYNCH THOMPSON, LLP**
150 South Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 346-1600
jthompson@lynchthompson.com

*Attorneys for Plaintiff and the Class*

*/s/ Livia M. Kiser*
Mark B. Blocker
Livia M. Kiser
Jessica Johnson Fishfeld
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
mblocker@sidley.com

lkiser@sidley.com
jfishfeld@sidley.com

*Attorneys for Defendant*
*American Airlines, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jessica Fishfeld*

Attorney for American Airlines, Inc.